## DAAE v. ALLEGHENY STEEL CO.
### No. 4966.

Circuit Court of Appeals, Third Circuit.
Jan. 30, 1933.

Rehearing Denied March 2, 1933.

Walter J. Blenko and Byrnes, Stebbins, Parmelee & Blenko, all of Pittsburgh, Pa., for appellant.

A. J. Hudson, of Cleveland, Ohio, and Green & McCallister, of Pittsburgh, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This patent concerns the poker mechanism used in making producer gas to stir up the coal bed and prevent fuel surface caking. By reference to the elaborate opinion of the trial judge, that industry will be fully understood and needless repetition avoided. It suffices to say gas-producing coal is fed into a circular tank lined with fire brick, and is burned from below and the gas of combustion is carried off from the surface. As the burning proceeds, the coal exudes a tarry substance which cakes on the top of the fuel bed. Unless this bed is stirred and broken up, and the gas thereby allowed free play to escape, the gas produced is not satisfactory. To avoid this workmen used pokers to break up the coal mass by hand, and later the movement of pokers was effected by machinery. Several types of such mechanical pokers are found in the art, and, when the present patentee made his device, he entered a well-developed field. Now as the efficacy of a poker is measured by the thoroughness with which it stirs up the fuel bed, it follows that the effective functional significance of a stirrer is its travel poker path. The form, shape, particular mechanism, and the mode in which power is applied to the poker are matters of detail construction, but the efficacy and novelty of such a device as a stirrer lies, as we have said, in its travel poker path.

We therefore inquire what are the travel paths of Daae's poker and that of defendant's alleged infringement. The oscillating or swinging play of Daae's poker in four revolutions agitates the fuel mass on lessening concentric lines, as shown by the accompanying figure:

On the other hand, as shown by the other cut, the defendant's poker, instead of fol-

lowing lessening concentric lines, plunges at once from the wall of the tank, and in four revolutions travels almost to the tank center and out again to the tank wall in ten scallop shaped movements and agitates the mass from outer wall to center in twenty side to center paths.

Conceding, as the court below did, the right of Daae to the particular poker path he disclosed, it is clear the path of the defendant is so different therefrom that the court below

committed no error in holding noninfringement.

It therefore appearing that on the merits of the case the court below committed no error, we pass by the motion to dismiss and dispose of the case on the proofs and affirm the decree below.